# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTHONY D. COOK,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Civil Case No. 17-CV-1459-JPS<br>Criminal Case No. 14-CR-226-1-JPS<br><br>**ORDER** |

        Petitioner Anthony D. Cook ("Cook") pleaded guilty to committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm in connection therewith, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Case No. 14-CR-226-1-JPS ("Criminal Case"), (Docket #35 at 2; Docket #37). On July 7, 2015, the Court sentenced Cook to 144 months' imprisonment. Criminal Case, (Docket #56). Cook appealed the Court's application of two sentencing enhancements, but the Court of Appeals disagreed and affirmed the sentence. *United States v. Cook*, 850 F.3d 328, (7th Cir. 2017). The Supreme Court rejected Cook's petition for a writ of certiorari on October 2, 2017. *Cook v. United States*, 138 S.Ct. 135 (Oct. 2, 2017). The instant motion was filed on October 25, 2017. (Docket #1).

        Cook asserts two grounds for relief. First, Cook says he received ineffective assistance of counsel, in violation of the Sixth Amendment, during the plea phase of his criminal case. Cook claims that his trial counsel told him that he would receive no more than a sixty month sentence, while failing to explain that the brandishing charge would result in a mandatory

consecutive eighty-four month sentence. (Docket #2 at 8).[1] The sixty month representation also failed to account for the disputed sentencing enhancements. *Id.* Also during the plea phase, Cook argues that his trial counsel was ineffective for advising him to plead guilty to the brandishing charge, of which he maintains his innocence. *Id.* at 8–11. Cook's second ground for relief is related to this last contention. He says that his appellate counsel was ineffective when he failed to raise Cook's innocence of the brandishing charge. *Id.* at 12–13.

Cook's motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

The Court begins by addressing the timeliness of Cook's motion. 28 U.S.C. § 2255(f) provides that there is a one-year limitations period in which to file a motion seeking 28 U.S.C. § 2255 relief. That limitations period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d

---

[1] As Cook's petition states only a single-sentence basis for each ground for relief, (Docket #1 at 4), the Court has relied on his brief in support of his petition to assess the claims in further detail, *see generally* (Docket #2).

645, 647 (7th Cir. 2005) (internal citations omitted). Cook's motion is timely. He filed it just over two weeks after the Supreme Court denied certiorari.

The Court turns next to procedural default. Relief under 28 U.S.C. § 2255 is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Cook did not raise at trial or on direct appeal are procedurally defaulted and he cannot raise them. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time on a 28 U.S.C. § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Cook may raise claims that he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise a claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621, 622 (1998)). Cook's claims fall into the former category. Though Cook did not raise these issues during his direct appeal, given the fact that he is raising claims related to ineffective assistance, the Court does not believe that he has procedurally defaulted those claims.

Finally, the Court does not believe that it "plainly appears from the motion. . .that [Cook] is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. While the Court has substantial misgivings about the propriety of Cook's claims, particularly with respect to his asserted innocence of the brandishing charge, the wisest course is to obtain further

briefing from the parties. The Court therefore declines to dismiss Cook's motion at this early stage. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, because the Court has not dismissed the case, it "must order the United States Attorney to file an answer, motion, or other response within a fixed time[.]" Accordingly, the Court will direct the parties to follow the schedule as set forth below.

The Court also will address Cook's other pending motions. On December 27, 2017, he filed a motion for "default judgment" against Respondent. (Docket #5). Prior to the issuance of this Order, and the briefing scheduling contained herein, Respondent was under no obligation to respond to Cook's petition. The motion must, therefore, be denied. Cook also filed two motions related to the screening process, (Docket #6 and #7), but this Order renders them moot.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2255 Cases, and showing cause, if any, why the writ should not issue.

2. If Respondent files an answer, then Petitioner shall have thirty (30) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

      a.      Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

      b.      Respondent shall have thirty (30) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any;

**IT IS FURTHER ORDERED** that Petitioner's motion for default judgment (Docket #5) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motions related to screening (Docket #6 and #7) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Petitioner shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge