# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY D. COOK,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 17-CV-1459-JPS
Criminal Case No. 14-CR-226-1-JPS

**ORDER**

**1.    INTRODUCTION**

On October 25, 2017, Petitioner, a federal prisoner, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of the Constitution. (Docket #1). The motion has been fully briefed and, for the reasons stated below, it will be denied.[1]

**2.    BACKGROUND**

On January 6, 2013, Petitioner and several accomplices robbed a bank and stole over $300,000. *United States v. Anthony D. Cook*, 14-CR-226-1-JPS (E.D. Wis.) (Petitioner's "Criminal Case"), (Docket #35 at 3). One of the accomplices carried a gun during the crime. *Id.* Petitioner was indicted on December 2, 2014 on one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) & 2, one count of conspiracy to commit Hobbs Act robbery, violating those same statute sections, and one count of brandishing a

---

[1] Petitioner filed two reply briefs in support of his motion. (Docket #14 and #15). Though this is not permitted by the rules of procedure, the Court will nevertheless consider both. They do not change the result here.

firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Id.*, (Criminal Case, Docket #1). Petitioner pled guilty to the Hobbs Act robbery and Section 924(c) charges, and the government agreed to dismiss the conspiracy charge. *Id.*, (Criminal Case, Docket #35 at 1–5). On July 7, 2015, Petitioner was sentenced to 144 months' imprisonment. *Id.*, (Criminal Case, Docket #56 at 2). He subsequently appealed the application of two sentencing enhancements, but on March 29, 2017, the Court of Appeals affirmed this Court's judgment. *Id.*, (Criminal Case, Docket #78).

3. **ANALYSIS**

Petitioner advances two claims, both for ineffective assistance of counsel, in violation of the Sixth Amendment. First, he argues that prior to signing the plea agreement, his counsel told him that he would receive no more than a 60-month sentence, founded on counsel's misrepresentations or omissions. Second, Petitioner contends that his counsel failed to raise a cognizable issue on appeal, namely whether the factual basis of his plea properly supported the Section 924(c) conviction.

Courts apply the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate the effectiveness of counsel both at trial and on appeal. *See Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). First, the movant must show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Second, he must show that the deficient performance prejudiced his defense, which means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The *Strickland* standard is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices."

*United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (citation and internal quotations omitted). There is a "strong presumption" that counsel's decisions constitute reasonable litigation strategy. *Strickland*, 466 U.S. at 696; *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 2005) ("[B]ecause counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel.").

### 3.1 Counsel Was Not Ineffective In The Plea Phase

Petitioner posits two ways in which he believes his counsel was ineffective during the plea phase. First, prior to signing the plea agreement, Petitioner says that counsel informed him that he would receive no more than a 60-month sentence. This would, of course, be incorrect, as Petitioner faced a mandatory minimum of 84 months' imprisonment, in light of the Section 924(c) charge. Even if this were true (counsel denies it, (Docket #13-2 at 1–2)), Petitioner plainly cannot show prejudice. During his change of plea hearing, wherein Petitioner testified under oath, he recited the maximum penalties for the charges to which he wanted to plead guilty. (Docket #13-1 at 9–11). Petitioner also stated that he had sufficient opportunity to consult with counsel and that he was satisfied with the representation he received. *Id.* at 7–8. Finally, Petitioner admitted that he had no idea what his ultimate sentence would be, and that his counsel's representations about a possible sentence were not binding on the Court at sentencing. *Id.* at 11–13.

Second, Petitioner claims that he would not have pled guilty to the Section 924(c) charge if counsel had explained to him that the "impact of the Government's agreement to dismiss its conspiracy count[.]" (Docket #2 at 8–9). It is not clear what Petitioner's argument has to do with the conspiracy count. Rather, what he actually challenges is the factual basis for

his Section 924(c) guilty plea. Namely, he insists that he did not know that his accomplice would have a gun during the robbery. That argument is duplicative of his second ground for relief and is better addressed in relation to it.[2]

### 3.2 Counsel Was Not Ineffective In The Appeal Phase

Under the *Strickland* performance prong, appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is obviously and clearly stronger than the claims counsel did raise on appeal. *See Makiel*, 782 F.3d at 898; *Blake v. United States*, 723 F.3d 870, 888 (7th Cir. 2013). Appellate counsel need not raise every non-frivolous claim, but should select among claims to maximize the likelihood of success on appeal. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000); *Makiel*, 782 F.3d at 897. To satisfy the *Strickland* prejudice prong, the movant must show that there is a reasonable probability that the issues appellate counsel did not raise would have changed the outcome of the appeal. *See Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010).

Petitioner claims that the factual admissions of the plea agreement do not establish that he knew, prior to the robbery taking place, that a gun would be used. In particular, he states that there was no planning meeting where the use of a gun was discussed. Further, because all participants knew the bank's security guard would not be armed, there was no need for

---

[2]Petitioner also states that "the District Court erred in its Rule 11 colloquy hearing acceptance of Petitioner's plea" for the same reason: that a factual basis for the Section 924(c) charge had not been established. (Docket #2 at 9). This is not a claim of ineffective assistance of counsel. Thus, it is procedurally defaulted because it was not raised on appeal. This is of no moment, however, in light of Petitioner's accusation that it *should* have been part of his appeal.

anyone to bring a firearm. Thus, says Petitioner, his counsel was ineffective for failing to call the plea colloquy into question on appeal.

Petitioner bases this ground on *Rosemond v. United States*, 134 S. Ct. 1240 (2014). There, the Supreme Court held that a person can only aid and abet a Section 924(c) violation (and so bear liability as a principal) "when he knows that one of his confederates will carry a gun." *Id.* at 1245, 1249. *Rosemond* explained the knowledge component further:

> [T]he § 924(c) defendant's knowledge of a firearm must be advance knowledge—or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice. When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense. But when an accomplice knows nothing of a gun until it appears at the scene, he may already have completed his acts of assistance; or even if not, he may at that late point have no realistic opportunity to quit the crime. And when that is so, the defendant has not shown the requisite intent to assist a crime involving a gun. As even the Government concedes, an unarmed accomplice cannot aid and abet a § 924(c) violation unless he has "foreknowledge that his confederate will commit the offense with a firearm." Brief for United States 38; *see also infra*, at 1250 – 1252. For the reasons just given, we think that means knowledge at a time the accomplice can do something with it—most notably, opt to walk away.

*Id.* at 1249–50. In a related footnote, the Court made a critical clarification:

> Of course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge.

*Id.* at 1250 n.9.

The scenario described by the footnote is amply supported by the record, including the factual admissions of the plea agreement and the statements of his counsel. The record shows that the gun-toting accomplice entered the bank first and put the gun in the face of the security guard. (Criminal Case, Docket #35 at 3). Petitioner came in behind him and, while the accomplice continued to point the gun at the guard, proceeded to rob the bank's safe. *Id.* Petitioner and the accomplice, who still held the gun, then left the bank. *Id.* Additionally, Petitioner's counsel avers that he discussed the applicability of *Rosemond* to Petitioner's case. (Docket #13-2 at 3). Counsel explained that security camera footage showed Petitioner helping the armed accomplice to subdue the security guard, and that the gun was visible to Petitioner as he turned away to go steal the cash. *Id.*

Thus, Petitioner's insistence that he did not know that a gun would be used prior to walking into the bank, even taken as true, does not avoid Section 924(c) liability. Petitioner only weakly suggests that he had no "reasonable ability to withdraw from the crime scene before its consummation." (Docket #14 at 3). He cites no evidence for this proposition, and it is unsupported by the record. Petitioner could have left the bank once he saw the gun, but chose not to, and instead completed the crime.

Petitioner therefore fails to establish either element of appellate counsel ineffectiveness. He has not shown that his alleged ignorance of the gun was a clearly stronger argument than those his counsel did present on appeal. Petitioner also cannot establish prejudice. Based on the factual record before the Court, there is no reasonable probability that the outcome of the appeal would have been different.

## 4. CONCLUSION

For the reasons stated above, the Court finds each of Petitioner's claims to be without merit, and his motion to vacate his sentence must be denied.[3]

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). In light of the well-settled principles governing the disposition of Petitioner's claims, as outlined above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny a certificate of appealability to him.

---

[3] In his replies, Petitioner attempts to raise an additional claim—that his Section 924(c) conviction must be vacated, because that statute is void for vagueness. (Docket #14 at 5–6; Docket #15). This claim has been waived, as it was not raised in Petitioner's motion or opening brief. *See generally* (Docket #1 and #2). Although this Court must construe *pro se* filings liberally, including in the context of habeas petitions, *Coulter v. Gramley*, 93 F.3d 394, 397 (7th Cir. 1996), Petitioner never mentioned any purported vagueness issues until it was too late for the government to offer a response. Under these circumstances, the Court need not consider an additional argument raised for the first time in a reply brief. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992) (*pro se* prisoner waived argument on appeal by failing to raise it until the reply brief); *Zambrana v. United States*, 790 F. Supp. 838, 843 (N.D. Ind. 1992) ("Reply briefs are an improper vehicle for presenting new arguments" in a habeas proceeding).

Finally, the Court closes with some information about the actions that Petitioner may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge