# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY D. COOK,

                Petitioner,

v.

                Case No. 17-CV-1459-JPS
                7th Circuit Case No. 18-3678

UNITED STATES OF AMERICA,

                **ORDER**

                Respondent.

On August 12, 2019, Petitioner Anthony D. Cook ("Cook") filed a motion for reconsideration. (Docket #26). It is not clear which order of the Court Cook wants reconsidered. He refers to an order dated July 26, 2019, but there was no order issued on that day in this case. He also references the Court's denial of a certificate of appealability, which occurred in the Court's October 29, 2018 order denying Cook's petition. (Docket #16 at 7). If this is the order Cook would like the Court to reconsider, his request is redundant. He already moved the Court to reconsider that order, (Docket #18), and that motion was denied, (Docket #19). Cook has presented the Court with no reason why its resolution of the merits of Cook's claims, or its related decision to deny Cook a certificate of appealability, were made in error. Perhaps Cook seeks, instead, reconsideration of the Court's January 15, 2019 order denying his request for leave to appeal without prepayment of the filing fee. (Docket #26). Assuming this is Cook's intention, his request will be denied.

Though not cited in the motion, Cook's motion appears to be a request for relief pursuant to Federal Rule of Civil Procedure ("FRCP")

60(b). That Rule offers relief from a court's order or judgment if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 Fed. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542. 546 (7th Cir. 2006). Cook does not argue any of the first five grounds, so the Court is limited to analyzing the sixth "catch-all" provision.

The Court finds no exceptional circumstances upon which to grant the extraordinary relief afforded by FRCP 60(b). Petitioner offers no argument as to why he believes the Court's decision to deny his *in forma pauperis* motion was made in error, or any other reason why he believes *in forma pauperis* status is justified. As with his motion for reconsideration of the Court's order on the merits of his petition, *see* (Docket #16, #18, #19), here Cook simply presents arguments that he could have or should have offered in the briefing on the motion to vacate his conviction. These are not the proper subject of a motion for reconsideration. Because he has not shown entitlement to reconsideration, Petitioner's motion will be denied.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Docket #26) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge